UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS HURON GARDENS      Case No.: 18-12319
397 TRUST, *et al.*,
       Plaintiffs,            Nancy G. Edmunds
v.                            United States District Judge

TOWNSHIP OF WATERFORD,     Stephanie Dawkins Davis
*et al.*,                          United States Magistrate Judge
       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTIONS TO DISMISS (Dkts. 9, 13) AND PLAINTIFF**
**LYLE A. WILLIAMS' MOTION FOR SUMMARY JUDGMENT (Dkt. 14)**

## I.     PROCEDURAL HISTORY

Plaintiffs, Williams Huron Gardens 397 Trust, Lyle A. Williams, Lyle F.

Williams, and Anthony Williams (referred to collectively herein as "the

Williamses") brought this action under 42 U.S.C. § 1983.  (Dkt. 1).  District Judge

Nancy G. Edmunds referred all pretrial matters in this case to the undersigned.

(Dkt. 10).  The defendants, Township of Waterford (hereinafter Waterford) and

Brent Gibson filed a motion to dismiss in lieu of filing an answer to the complaint.

(Dkt. 9).  Defendant Margaret A. Scott filed an answer to the complaint (Dkt. 12)

and a motion to dismiss (Dkt. 13).  On September 4, 2018, Lyle A. Williams filed a

motion to strike Waterford's and Gibson's "answer," motion for summary

judgment and for default judgment.  (Dkt. 14).  Plaintiff Lyle A. Williams filed

another motion for summary judgment.  (Dkt. 18).  In a separate order the undersigned struck the motion at docket no. 18 as improperly filed because Williams did not obtain leave of the Court to file a second motion for summary judgment.

## II.    FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

The Williamses filed this suit alleging that a Waterford Township rental property ordinance requiring rental property owners to register their property as rental property or pay a fee is unconstitutional because the ordinance does not have a "warrant clause" or "mini Miranda rights clause."  (Dkt. 1).  Though the complaint is relatively light on facts and heavy on argument as in a brief rather than a pleading, what can be gleaned from the allegations is that the Williamses own property against which enforcement of the subject ordinance, which permits entry into rental property without a warrant, is sought.  More particularly, they state that defendants demand that they register  private property as rental property and pay a fee to the defendants for entry into plaintiffs' home for inspection.  (*Id.* at Pg ID 7, 13, 14).  Thus, plaintiffs aver that defendants are seeking an unlawful search without a warrant.  (*Id.* at Pg ID 7, 12, 13).  Plaintiffs also contend that  the ordinance violates the Fourth Amendment because it does not provide a mechanism for pre-compliance review.  (*Id.* at Pg ID 12).  Plaintiffs challenge the defendants "on Equal Protection grounds" and claim unjust enrichment "arguing

2

that the (Waterford) [sic] has collected and inequitably retained inspection and permitting fee assessment by virtue of the City Codes" for rental property, which is unconstitutional and interferes with their possessory interest in their private property. (*Id.* at Pg ID 13). In concluding their complaint, the plaintiffs acknowledge that their allegations must be sufficient under *Twombly*, but state that the Court is required to interpret *pro se* complaints liberally. (*Id.* at Pg ID 15). Plaintiffs seek injunctive relief "from Defendant's use of unconstitutional ordinances until court renders decision," a declaration that Waterford's ordinances that lack a warrant clause are unconstitutional and that the ordinances be stricken, and damages.

The defendants' motions to dismiss largely mirror one another, arguing that the Williamses have failed to state a claim on which relief can be granted. (Dkt. 9, 13). Relying on *Williams v. Barksdale*, 755 F.2d 934 (6th Cir. 1985) and *Zellmer v. United States*, 2006 WL 2975501 (E.D. Mich. Oct. 17, 2006), defendants argue that plaintiffs have not met the pleading requirements of Fed. R. Civ. P. 8(a). (Dkt. 9, at p. 6; Dkt. 13, at p. 5-6). Defendants state that plaintiffs have not set forth any facts indicating that defendants Gibson and Scott took any action or that they acted under color of state law in a manner that deprived plaintiffs of their rights. They point out that the Williamses did not allege the manner in which Gibson and Scott allegedly harmed them. As such, Gibson and Scott contend that the complaint's

conclusory claims are not enough to put the individual defendants on notice of the claims against them or the bases of those claims.  (Dkt. 9, at p. 6-7; Dkt. 13, at p. 6).

Defendant Waterford argues that the allegations against it similarly fail. Waterford contends that the plaintiffs have merely alleged that an ordinance is in place, and that they are of the opinion that the ordinance violates their rights.  (Dkt. 9, at p. 7).  Further, Waterford points out that the plaintiffs did not identify whether they owned rental property in Waterford Township, the location of any property, or what the course of dealings with the Township has been regarding the property, if any.  Waterford characterizes the complaint as containing legal conclusions and bare assertions, and as such seeks dismissal of the claims against it.

Defendants Gibson and Waterford next argue that the unjust enrichment claim should be dismissed because the claim that Waterford has collected inspection and permitting fees is conclusory and fails to set forth any facts showing that Waterford received a benefit from plaintiffs and that plaintiffs' suffered inequity because of that benefit.  (*Id.* at p. 8).  Defendants say that plaintiffs do not assert whether they have had to pay a fee, to whom, when, for what purpose the fee was assessed, and the amount of the fee.  Because plaintiffs did not plead facts to support the claim, Waterford and Gibson contend that dismissal is appropriate.

Defendant Scott separately asserts that she is entitled to qualified immunity. (Dkt. 13, at p. 7).  In support of her argument that she did not violate any constitutional rights, Scott cites *Harris v. Akron Dep't of Public Health*, 10 Fed. Appx. 316 (6th Cir. 2001).  In *Harris*, the plaintiff, a residential landlord, challenged the constitutionality of the City's ordinance requiring the registration and inspection of residential rental property.  The court held, in short, that the ordinance did not violate the Fourth Amendment, substantive or procedural due process, or equal protection.  Scott asserts that the ordinance in *Harris* is similar to Waterford's ordinance here and argues that since enforcement of the ordinance in *Harris* did not violate constitutional rights, enforcing Waterford's ordinance also does not violate constitutional rights.  Consequently,  she is entitled to qualified immunity.  (*Id.* at p. 9-10).

All three defendants argue that plaintiff Williams Huron Gardens 397 Trust should be stricken as a party because the trust is not represented by counsel in this matter.  (Dkt. 9, at p. 8; Dkt. 13, at p. 10).

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Standard of Review – Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)*.* A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.,* quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."). "When a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v.*

*Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

B.   Motions to Dismiss

As an initial observation, the plaintiffs' complaint does not comply with the Federal Rules of Civil Procedure.  Rule 10(b) mandates that claims be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances. Claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.  Rather than following this proscription, as alluded to above, the plaintiffs fashioned their complaint more like a brief arguing for judgment in their favor.  They cite case law on administrative searches and the Fourth Amendment and argue that the rental property ordinance at issue is unconstitutional.  The undersigned suggests forgiving plaintiffs for the form of their complaint, as they are proceeding *pro se*.  *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (*pro*

*se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings).  The substance of the complaint nevertheless falls short of stating a claim.

      1.    Williams Huron Gardens 397 Trust as a Plaintiff

Plaintiff Williams Huron Gardens 397 Trust ("Trust") should be stricken as a party from this case.  It is not clear whether the Trust is proceeding *pro se* in this matter or whether one of the individual plaintiffs is purporting to represent the Trust (the undersigned notes that the individual plaintiffs do not state whether they are trustees or beneficiaries of the Trust, or how they may be otherwise affiliated with the Trust).  In any event, the consensus among courts is that trusts must be represented by an attorney.  As stated in *Rowland v. California Men's Colony, Unit 11 Men's Advisory Council,* 506 U.S. 194, 210-02 (1993),

> It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel....  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.  Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. The individual plaintiffs are each proceeding *pro se*.  A *pro se* litigant may not represent another litigant in a matter before the Court.

This rationale has been extended to artificial entities such as trusts.  *See Fields-Bey v. Lipford*, 2012 WL 1023049 (W.D. Tenn. Mar. 26, 20120); *Knoefler v. United*

*Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported "trustee(s) pro se" has no right to represent another entity, i.e., a trust, in a court of the United States.") (citing *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697–98 (9th Cir.1987); *Keyway Leasing Trust v. United States*, 1999 WL 810386 (W.D. Mich. Aug. 26, 1999); *Marshall v. Wells Fargo Advisors, LLC*, 668 Fed. Appx. 874 (11th Cir. 2016) (A trust "can act only through agents, cannot appear *pro se*, and must be represented by counsel.") (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

As noted, the individual plaintiffs in this case are appearing *pro se*. A non-lawyer may not represent the interests of another litigant in federal court. As explained in this Court's Order requiring response (Dkt. 25), *pro se* litigants may only represent themselves and may not act on behalf of other parties. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."); *Beard ex rel. Ford v. Hawkins*, 2015 WL 3915877, at *1 (E.D. Mich. June 25, 2015) (non-attorney parents may not represent the interests of their Children *pro se* in federal court); *Smith v. Heyns*, 2014 WL 2743415, at *2 (E.D. Mich. June 17, 2014) (a *pro se* plaintiff is not permitted to represent anyone other than themselves before this Court) (citing *Berrios v. New York City Hous.* Auth., 564 F.3d 130, 132 (2d Cir. 2009)); *Taitt v. Sec'y Dep't of Treasury*, 2010 WL 1541491, at *2 (E.D. Mich. Apr. 19, 2010)

(citing *Dimercurio v. Comm'r of Internal Revenue*, 2008 WL 5784519 (6th Cir. June 16, 2008) (holding that "[a] trustee has no right to represent a trust in federal court."). Therefore, the individual plaintiffs cannot represent the Trust in this case.

Because the Trust has no legal representation, it should be dismissed as a party from this matter.

### 2.    Failure to State a Claim

In sum, the complaint asserts a general claim against Waterford's rental property ordinance with inadequate factual development as to any party.   Because of the conclusory nature of the complaint and its threadbare factual allegations, it should be dismissed for failure to state a claim.

### a.  Individual Defendants

The individual defendants, Gibson and Scott, should be dismissed from this case;  the complaint mentions defendants Gibson and Scott by name twice.  The first instance is in a jurisdictional allegation stating that both are employees of Waterford Township and both are sued in their individual and official capacities. (Dkt. 1, at Pg ID 5).  In the second instance, plaintiffs state, "The United States Supreme Court has issued its findings on City Codes regarding the 'Registration of Rental Property', Rental Inspection Policy, and Red Tagging Policy,[1]: including

---

[1] There is no other mention of a Red Tagging Policy in the complaint and the so-called policy is not otherwise explained in the complaint.

building ordinances which permit warrantless, unconsented inspections to enforce the city's housing code by Municipalities that use coercion such as in this instant case, by" [sic] defendant GIBSON, and Defendant SCOTT that is unconstitutional in accordance of findings by the High Court."  (Dkt. 1, Pg ID 8).  Plaintiffs also state that "Defendant(s) demand that Plaintiff's (sic) shall register private property as rental property" and "Defendant(s) are blatantly interfering" with the plaintiffs' possessory interest in private property because the ordinance requires that they register private property as rental property.  (Dkt. 1, Pg ID 7).  In the conclusion plaintiffs challenge Waterford and "all Named City Employees on Equal Protection Grounds."  (Dkt. 1, Pg ID 13).

These allegations against the individual defendants simply do not satisfy the threshold requirements of *Iqbal* and *Twombly*.  Even holding the complaint to the less stringent standard afforded those who are acting in a *pro se* capacity, plaintiffs have not alleged what involvement the individual defendants had in any alleged constitutional violation, what specific action(s) defendants took, or whether either of the individual defendants have ever even communicated with plaintiffs regarding the ordinance.  Indeed, the complaint does not set forth any facts explaining how the individual defendants are connected to the lawsuit other than their status as employees of Waterford—and even there, the plaintiffs have not stated the defendants' titles or in what department(s) the defendants work. They

also have not indicated whether either Gibson or Scott are empowered to enact or enforce ordinances.

Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed.R.Civ.P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."); *Salehphour v. University of Tenn.,* 159 F.3d 199, 206 (6th Cir.1998) (a § 1983 plaintiff must allege some personal involvement by the named defendant); *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant,* 332 F.3d 999, 1007 (6th Cir.2003). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v.*

*Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).  Here, the Court is left to infer only the mere possibility of misconduct and otherwise would have to guess at what action Scott and Gibson may have taken that could be construed to have violated the plaintiffs' rights. While the court gives wide latitude to the pleadings of *pro se* litigants, it is not required to supply the litigant with legal theories or to furnish additional factual allegations—to do so would inappropriately make the court an advocate for the plaintiff.  *See Thompson v. A.J. Rose Mfg. Co.*, No. 99-3728, 2000 WL 302998, at *1 (6th Cir. 2000).  Accordingly, the Court should dismiss these defendants.

### b.  Claim Against Waterford Township

The complaint also lacks specificity in its claim against Waterford Township.  The closest plaintiffs come to providing details for their claim is in their allegation that "Defendants demand that plaintiffs shall register private property as rental property and pay a fee to defendants' for their demanded entry into Plaintiffs' home to inspect a [P]rivate dwelling that is not public or quasi-public in likeness where people go to shop as invitee's (sic)."  Applying a generous reading of the complaint, it is perhaps fair to infer from this passage that the

plaintiffs are private property owners in Waterford, as they allege that they are

subject to the provisions of the Township's ordinance. Notably, plaintiffs do not

provide an address or any other identifying information about the property.  And,

ferreting much more detail is a fraught proposition.  The Williamses do not state

what, if any, specific action Waterford has taken against them regarding any such

property, for instance whether Waterford has taken steps to enforce the ordinance

against plaintiffs, whether any notices were sent to the plaintiffs, or whether any

charges were brought or citations issued on Waterford's behalf to enforce the

ordinance.  The Court will not assume facts or allegations that were not pleaded.

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006).  For this

reason, the complaint should also be dismissed against Waterford.

### c.  Unjust Enrichment

The Williamses have also failed to state a claim for unjust enrichment .

"Under Michigan law, the elements of an unjust enrichment claim are '(1) receipt

of a benefit by the defendant from the plaintiff and, (2) which benefit it is

inequitable that the defendant retain.'"  *Wysong Corp. v. M.I. Industries,* 412

F.Supp.2d 612, 624-24 (E.D. Mich. 2005) (quoting *Dumas v. Auto Club Ins.*

*Ass'n,* 473 N.W.2d 652, 663 (Mich. 1991)).  Plaintiffs do not allege facts to support

the first element of such a claim – i.e. that Waterford has received a benefit from

the plaintiffs.  Without allegations that the plaintiffs paid anything or otherwise gave something of value to Waterford, the claim cannot stand.

### d.  Equal Protection

To the extent that plaintiffs attempt to state an equal protection claim, it suffers the same fate.[2]  Plaintiffs  allege that Waterford's "Dwelling Code's [sic] impermissibly applies to single family rental dwellings and treats multi-unit rental dwellings differently than single-unit dwellings."  (Dkt. 1, Pg ID 13).  The equal protection clause prohibits state actors from denying "to any person within [their] jurisdiction the equal protection of the laws."  U.S. Const. Amend. XIV, § 1.  This clause requires that "similarly situated individuals" be treated in a similar manner. *Nicholson v. City of Westlake*, 76 Fed. Appx. 626, 629 (6th Cir. 2003) (citation omitted).  A plaintiff may state a claim for an equal protection violation by alleging "discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently from others similarly situated without any rational basis for the difference."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011).  Where the plaintiff does not allege the burden of a fundamental right or membership in a suspect or quasi-suspect class, courts evaluate the claim under rational basis review. *Scarbrough v.*

---

[2] Neither defendant argues for dismissal of the equal protection claim specifically. However, because it is plainly deficient  the undersigned addressed the claim here.

*Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260-61 (6th Cir. 2006).  This requires that the plaintiff "demonstrate that the government action lacks a rational basis . . . either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will." *Id.* (citation omitted).

The plaintiffs have not specified which of these categories of equal protection violation they are asserting.  Since single and multi-unit dwellings are not a suspect class, and there is no indication from plaintiffs that a fundamental right has been burdened, it appears likely that their claim is that the Waterford ordinance treats the owners of these types of properties differently from similarly situated owners without a rational basis for the difference.  However, plaintiffs have not alleged that *they* have been treated differently than similarly situated persons.  They have, in fact, included no details from which one might infer that any state actor has behaved in a discriminatory manner toward the plaintiffs based on the type of property they own or otherwise.  They also have not alleged that any government action, or ordinance on its face, lacks a rational basis by "negativing every conceivable basis which might support the government action," nor have they alleged that the challenged action was motivated by animus or ill-will.  *See Scarbrough*, *supra*.  Accordingly, the equal protection claim should be dismissed. *See Flinchum v. City of Bettyville*, 224 F. Supp. 3d. 536, 542-43 (E.D.Ky. 2016)

(dismissing equal protection claim where the plaintiff failed to allege that the government action lacked rational basis or that the action was motivated by ill-will or animus).

>    3.    Additional Facts in Plaintiffs' Response Brief

In the response briefs to the motions to dismiss, the Williamses  provide additional factual information that does not appear in the complaint.  In his response brief, Lyle A. Williams states that Waterford and Gibson issued a Municipal Ordinance Violation Warning Notice to Lyle F. Williams on October 3, 2018 and a Notice of Violation and Civil Sanction.  (Dkt. 22, at Pg ID 264; Dkt. 27, Pg. ID 290).  Together, the notices informed plaintiff Lyle F. Williams that a card had been sent to his rental property located at 1109 Lakeview St. advising him that an inspection would be scheduled during the month of September and later reminding him to schedule an inspection, but that Williams did not schedule the inspection.  This former notice indicates that Brent Gibson is the Superintendent of the Building Division.  (Dkt. 22, Pg ID 264).  Plaintiffs Lyle F. Williams and Anthony Williams filed a notice indicating that they join in Lyle A. Williams' response.  In this notice these plaintiffs state that they received another document from Waterford and a code enforcement official for failure to comply with the Waterford Rental Certification Ordinance.  (Dkt. 27, Pg ID 290).  This document is a notice of civil infraction for Lyle F. Williams' failure to schedule an inspection in

September 2018 and states that the inspection would take place on November 21,

2018.  (*Id.*).  In his reply brief, Gibson attaches an infraction citation signed by

himself as the "officer."  (Dkt. 26-3, Pg ID 280).  The infraction ticket was written

for the failure to register property as rental property or provide proof that it is not

rental property, and for building code violations.  (*Id.*).  These facts buttress the

inference that at least Lyle F. Williams owns property in Waterford, and that

Waterford and defendant Gibson are treating the property as rental property in

attempting to inspect pursuant to the rental property ordinance.  The only

additional information brought forth about defendant Scott in the responses is that

she is an attorney for Waterford Township.  (Dkt. 22, Pg ID 240).

Generally, this court is limited to the facts and legal claims as raised in the

pleadings; as a result, the additional facts asserted in plaintiffs' response to the

motions to dismiss are not part of the lawsuit and the court should not consider

them.  *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502

Fed. Appx. 523, 541–42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34

("The court may not ... take into account additional facts asserted in a

memorandum opposing the motion to dismiss, because such memoranda do not

constitute pleadings under Rule 7(a).")); *Shinault v. City of Memphis Fire Dept*.,

2015 WL 4756499 (W.D. Tenn. Apr. 29, 2015) (declining to consider additional

factual allegations brought forth in response to a motion to dismiss); *D.H. v. Matti*,

2016 WL 5843805, at *1 (W.D. Ky. Sept. 30, 2016) ("Once again, Plaintiff's counsel has used her responses to the present motions to dismiss to assert additional factual allegations, which the Court may not consider."); *Bishop v. Lucent Technologies*, *Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss.").  On the other hand, some courts in this Circuit elect to consider the additional factual information as a supplement to the complaint when the plaintiffs are proceeding *pro se*.  *See Coleman v. Gullet*, 2012 WL 5986779, at *11 (E.D. Mich. Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (construing *pro se* plaintiff's allegations in response to motion for summary judgment as supplement to the complaint); *Dimov v. EMC Mortg. Corp.,* 2010 WL 2506717, at *1 n. 1, 2 (E.D. Tenn. June 17, 2010) ("In his response to [Defendant's] motion to dismiss, Plaintiff supplemented factual allegations in the complaint with some additional details. . . .   [G]iven the liberal pleading standard in cases filed *pro se*, the Court will consider these additional factual allegations and construe them, along with the amended complaint, in the light most favorable to Plaintiff.").

Notably, plaintiffs have indicated an intention to amend their complaint, albeit for reasons different than the ones that will be contained in the discussion that follows.  (Dkt. 22, Pg. ID 240).  Fed. R. Civ. P. 15 provides that leave shall be freely granted, and the undersigned suggests that, in view of the fact that plaintiffs are proceeding *pro se*, they be permitted to amend the complaint as against defendant Waterford only based on the following reasons.  *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) ("Rule 15(a) provides that such 'leave shall be freely given when justice so requires.'").  If the additional facts plaintiffs have proffered were considered in this case, those facts would not change the undersigned's recommendation to dismiss defendants Scott and Gibson from this case.  The fact that Scott is an attorney for Waterford does not shed light on a claim for relief against Scott.  The complaint is still devoid of allegations demonstrating what action Scott personally took against plaintiffs or how she is connected to their claims other than the fact that she acts as attorney for Waterford Township.  The same is true for defendant Gibson.  Although we now understand Gibson's actions in relation to property owned by Lyle F. Williams in Waterford Township and the rental property ordinance, the fact that Gibson works in the Building Department and issued the citation for failure to register property as rental property does not shed light on a claim for relief against Gibson.  The Fourth Amendment allegation in the complaint is that the ordinance violates the Fourth

Amendment on its face; there does not appear to be a specific claim for relief against Gibson.  In evaluating whether a complaint states a claim for relief, the Court "should not assume facts that were not pled."  *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 328 (6th Cir. 2006).  The Court will not assume facts or allegations in this case to create a claim for relief against the individual defendants.  Accordingly, defendants Gibson and Scott should be dismissed from this case with prejudice.

The undersigned's recommendation would change, however, if the additional facts were considered against Waterford.  The additional facts appear to be that Lyle F. Williams owns property in Waterford Township that is treated as rental property and that Williams has been cited for failure to comply with the rental property ordinance by not registering the property as rental property.  The Township has provided notice of a violation for failure to schedule an inspection under the rental property ordinance.  With these additional facts, it appears that Williams is challenging the constitutionality of the ordinance on the grounds that it requires a warrantless inspection of property he owns in order to obtain a rental certification, thereby interfering with his use of the property, or otherwise penalizing him for his refusal to consent to a warrantless search of the property.

It would appear that with these new facts Lyle F. Williams may be capable of stating a claim on which relief may be granted.  The Fourth Amendment

provides that "no Warrants shall issue, but upon probable cause" and individuals have a right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST. amend. IV.  "Based on this constitutional text, the Court has repeatedly held that 'searches conducted outside the judicial process, without prior approval by [a] judge or [a] magistrate [judge], are *per se* unreasonable ... subject only to a few specifically established and well-delineated exceptions.'"  *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2452, 192 L.Ed. 2d 435 (2015) (alteration in original) (quoting *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L.Ed. 2d 485 (2009)).  Searches "serv[ing] a 'special need' other than conducting criminal investigations" are referred to as "administrative searches."  *Patel*, 135 S.Ct. at 2452 (quoting *Camara v. Mun. Court of City & Cty. of S.F.*, 387 U.S. 523, 534, 87 S. Ct. 1727, 18 L.Ed. 2d 930 (1967)).

Two Supreme Court cases explain the administrative search doctrine.[3] In *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523 (1967), the plaintiff challenged the constitutionality of the city's administrative inspection law that penalized tenants who refused to permit warrantless administrative inspections of their residences.  The plaintiff was arrested under this law for twice refusing to permit an inspection.  *Id.* at 527.  The Court held that, although "a

---

[3] Plaintiffs cite both cases in their complaint.

routine inspection of the physical condition of private property is a less hostile

intrusion than the typical policeman's search for the fruits and instrumentalities of

crime," and although the city had an interest in health and safety standards,

"administrative searches of the kind at issue here are significant intrusions upon

the interests protected by the Fourth Amendment." *Id.* at 530-34.  There must be a

"warrant procedure [that] is designed to guarantee that a decision to search private

property is justified by a reasonable governmental interest." *Id.* at 539.

Specifically, a neutral magistrate should be available to review "whether

enforcement of the municipal code involved requires inspection of his premises,"

"the lawful limits of the inspector's power to search," and "whether the inspector

himself is acting under proper authorization." *Id.*at 532.

More recently, the Supreme Court recognized that there are circumstances

under which a warrant process is impracticable, but even then, "absent consent,

exigent circumstances, or the like, in order for an administrative search to be

constitutional, the subject of the search must be afforded an opportunity to obtain

precompliance review before a neutral decisionmaker." *City of Los Angeles, Calif.*

*v. Patel*, 135 S. Ct. 2443, 2452 (2015).  Without such precompliance review, an

intolerable risk exists that searches will exceed statutory limits or be used to create

a pretext for harassment. *Id.* at 2452-53.  Although the need for actual review by a

neutral decisionmaker may be rare, [as in the situation where the owner declines

consent for the search,] the opportunity for such a review must be accorded before penalties are imposed.  *Id.* at 2453.  The Court observed that a "hotel owner who refuses to give an officer access to his or her registry can be arrested on the spot," and that "[t]he Court has held that business owners cannot reasonably be put to this kind of choice."  *Id.* at 2452.

Whether a city's ordinance would subject the property owner to a criminal penalty or a civil penalty, it appears that a plaintiff states a claim for relief that is plausible at this stage where the plaintiff alleges that the ordinance either requires consent to inspect the property or would subject the owner to a penalty.  In a case involving an ordinance strikingly similar to the ordinance in this case, the court determined that the plaintiff's claim—that the ordinance violates the Fourth Amendment for the same reasons the plaintiffs in this case contend—was likely to succeed on the merits.[4]  *Landon v. City of Flint*, 2016 WL 7661390 (E.D. Mich. Nov. 30, 2016).  The court later granted summary judgment in the plaintiff's favor on this claim, holding that the ordinance violated the Fourth Amendment.[5]  *Landon*

---

[4] This case tested the sufficiency of the merits of the plaintiffs' claims in the context of a motion for injunctive relief rather than testing the claims in the complaint in a motion to dismiss. However, there are similarities in the facts and what documents were before the court that make this distinction inapposite.  In *Landon*, the court had before it the plaintiff's claims and a copy of the ordinance.  The same is true in this case, as the plaintiffs attached the rental property ordinance to their complaint.  Moreover, the court granted summary judgment in the plaintiff's favor on this Fourth Amendment claim in a later opinion.

[5] The Sixth Circuit recently considered *Camara* and *Patel* in upholding the operation of a Saginaw ordinance that appears to be distinguishable from the ordinance under consideration in the recent Sixth Circuit case of *Benjamin v. Stemple*, 2019 WL 545129 (6th Cir. Feb. 12, 2019).

*v. City of Flint*, 2017 WL 2806817, at *3 (E.D. Mich. Apr. 21, 2017); *see also*

*Baker v. City of Portsmouth*, 2015 WL 5822659 (S.D. Ohio Oct. 1, 2015) (holding

that city ordinance which required consent to a warrantless search/inspection or

face criminal charges violated the Fourth Amendment because it did not have a

warrant provision).

Similar to the plaintiffs in *Landon*, here, Lyle F. Williams alleges that

Waterford's ordinance requires that he consent to a warrantless inspection of rental

property or face civil penalties and refusal of a rental certification without the

township official first obtaining a warrant or other process.  (Dkt. 1).  The rental

ordinance attached to his complaint confirms that where an owner of vacant

property declines consent for an inspection—for which no warrant would be

issued, the owner will not obtain a certification to rent the property and will be

subject to a civil infraction.  (Dkt. 1, Pg ID 28, 29-30).  However, if the property is

occupied and the tenant refuses inspection, the township official would obtain an

administrative search warrant to conduct the inspection.  (Dkt. 1, Pg ID 29).

Despite the provision for a warrant for occupied property, the ordinance appears to

require consent to a warrantless search (or a search without precompliance review)

of vacant property or the owner will face penalties and will be denied a rental

certification.  In line with *Landon*, the additional facts Williams has set forth

appear to be sufficient to state a claim for relief that is plausible against Waterford;

that is, that the ordinance violates the Fourth Amendment. Of course, the legal and factual strength of the claim will need to be tested in further litigation.

Accordingly, because with the addition of the facts in the response brief and Waterford's reply brief Lyle F. Williams appear capable of stating a claim for relief, the undersigned suggests that he be given an opportunity to amend the complaint so that the complaint itself contains sufficient factual allegations to state a claim to relief on the Fourth Amendment unlawful search claim. The undersigned notes that the other individual plaintiffs—Lyle A. Williams and Anthony Williams—do not appear to have a stake in this outcome since the additional facts do not demonstrate that either of them own property in Waterford that is subject to the ordinance and that Waterford is requiring an inspection of their property without a warrant or withholding a rental certification. As such, the plaintiffs should address in clearly stated allegations how each plaintiff is affected by the ordinance, i.e. whether they own property in Waterford and whether Waterford has taken steps to enforce the inspection requirement without a warrant against their property. The undersigned also recommends that plaintiffs be instructed to follow the Federal Rules of Civil Procedure and Local Rules in amending the complaint, which include:

1.    The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course

or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

2.      The amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").  A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim.  *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009), quoting, *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).  The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it."  *Id*., quoting, *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage").  "The statement

should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial."  *Id*., quoting, *Laurence*, 2007 WL 1875794 at *1.

3.     Rule 10(b) mandates that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.

C.     *Res Judicata*

In reply to the motions to dismiss, defendants argue that the issue of the constitutionality of the ordinance has already been litigated and thus is barred before this Court under the doctrine of *res judicata*.  (Dkt. 26, at p. 2; Dkt. 28, at p. 3).  Defendants attach a registry of actions showing that Lyle F. Williams received a hearing, was found responsible for violating the ordinance and ordered to pay a $125 fine.  The undersigned declines to address this argument for two reasons. First, issues raised for the first time in reply are deemed waived.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs . . . do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.  Further the non-moving party ordinarily has no right to respond to the reply brief.  . . . As a matter of litigation fairness and procedure, then, we must

treat [such issues] as waived.") (quoting *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).  The state court rendered its decision against plaintiff Lyle F. Williams on August 8, 2018; defendants Waterford and Gibson, the first defendants to respond to the complaint, filed their motion to dismiss six days later on August 14 but did not include this argument.  (Dkt. 9).  Second, the argument is perfunctory, leaving for the Court to put together the argument, including gathering appropriate legal sources.  This, the Court should not do.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").  The record as it stands contains insufficient information for the Court to come to any firm conclusion on the issue and plaintiffs have had no opportunity to respond.  Therefore, the undersigned declines to address this argument at this time.

> D.  <u>Plaintiff Lyle A. Williams' Motion for Summary Judgement at Docket no. 14</u>

In view of the undersigned's recommendation to dismiss the complaint as it stands and to allow plaintiffs 14 days from the date of any order adopting the recommendation within which to file an amended complaint, plaintiffs' motion for summary judgment is rendered moot.  Logically, a complaint which fails to state a claim cannot provide the foundation from which to launch a claim for summary

judgment.  Therefore, rather than consideration on the merits, the motion should be denied as moot.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITH PREJUDICE** against defendants Gibson and Scott and that the unjust enrichment and Equal Protection Clause claims be **DISMISSED WITH PREJUDICE** against Waterford.  Should the Court adopt this report and recommendation, the undersigned **RECOMMENDS** allowing the plaintiffs to amend the complaint against defendant Waterford, and that the plaintiffs be given 14 days from the date of the Court's order adopting to do so.  If the plaintiffs do not amend the complaint within the stated time, the undersigned recommends dismissing the matter with prejudice.

The undersigned further **RECOMMENDS** that Lyle A. Williams' motion for summary judgment (Dkt. 14) be **DENIED** and that his motion for default and to strike against defendant Scott be **DENIED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 28, 2019                           s/Stephanie Dawkins Davis
                                                  Stephanie Dawkins Davis
                                                  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on <u>February 28, 2019,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I certify that I have mailed by United States Postal Service to the following non-ECF participants: <u>Williams Huron Gardens 397 Trust, Lyle A. Williams, Lyle F. Williams and Anthony Williams, at 1107 and 1109 Lakeview Street, Waterford Township, MI 48327.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov