**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| WILLIAMS HURON GARDENS 397 TRUST, LYLE A. WILLIAMS, LYLE F. WILLIAMS, and ANTHONY WILLIAMS<br><br>     Plaintiffs,<br>v.<br><br>WATERFORD TOWNSHIP, BRENT GIBSON, and MARGARET A. SCOTT<br><br>     Defendants.<br>_____/ | Case No. 18-12319<br><br>Honorable Nancy G. Edmunds |

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S**
**FEBRUARY 28, 2019 REPORT AND RECOMMENDATION [34]**

Plaintiffs Williams Huron Gardens 397 Trust, Lyle A. Williams, Lyle F. Williams, and Anthony Williams filed this *pro se* action under 42 U.S.C. § 1983 against Defendants Watership Township, Brent Gibson, and Margaret Scott. In their complaint, Plaintiffs allege that a Waterford Township rental property ordinance requiring rental property owners to register their property as a rental property or pay a fee is unconstitutional because the ordinance, among other things, permits unlawful warrantless searches of rental properties. Plaintiffs assert claims for violations of the Fourth Amendment, the Fourteenth Amendment's Equal Protection Clause, and for unjust enrichment.

Pending before the Court is the Magistrate Judge's Report and Recommendation to grant Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34.) The Magistrate Judge recommends dismissing all claims brought by Plaintiff Williams Huron Gardens 397 Trust with prejudice because

the trust has no legal representation. The Magistrate Judge recommends dismissing all claims against Defendants Scott Gibson and Margaret Scott with prejudice because Plaintiffs fail to present sufficient factual allegations against them in their individual capacity. The Magistrate Judge also recommends dismissing the claims brought by Plaintiffs Lyle A. Williams and Anthony Williams against Waterford Township with prejudice. But, with respect to Plaintiff Lyle F. Williams, the Magistrate Judge recommends dismissing Plaintiff's claims against Waterford Township without prejudice and granting leave to Plaintiff to amend his complaint to include certain factual allegations presented for the first time in his response brief and in Defendants' reply brief.

Plaintiffs did not object to the Magistrate Judge's Report and Recommendation. Defendants, however, filed a limited objection to the Magistrate Judge's recommendation to grant Plaintiff Lyle F. Williams leave to amend his complaint. Defendants argue that granting Plaintiff Lyle F. Williams leave to amend his complaint would be futile and his claims should be dismissed with prejudice. Plaintiffs did not file an official response to Defendants' objection. However, Plaintiff Lyle F. Williams filed an amended complaint in which he addresses and responds to the arguments raised by Defendants in their objection to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Court **OVERRULES** Defendants' objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** the complaint as recommended by the Magistrate Judge.

I. **Standard**

The standard of review employed by the Court when analyzing an objection to a magistrate judge's report and recommendation depends on the nature of the motion

underlying the report. When the underlying motion is dispositive, the Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which a party has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981)).

In contrast to dispositive motions, the Court may modify or set aside an order on a nondispositive matter issued by Magistrate Judge only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 1992).

This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly

3

erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the Magistrate Judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)).

II.     **Analysis**

The Court's analysis begins with the applicable the standard of review. Defendants contend that the Court should apply a *de novo* review of the Magistrate Judge's Report and Recommendation because the underlying motion is Defendants' motion to dismiss. However, no party raises an objection to the Magistrate Judge's recommendation to dismiss Plaintiffs' claims. Defendants only object to the Magistrate Judge's recommendation to grant Plaintiff Lyle F. Williams leave to amend his complaint.

It is well established that a motion for leave to amend a complaint is a nondispositive matter. *See Duby v. Shirley May's Place, LLC*, No. 16-11443, 2017 WL 1045910, at *1 (E.D. Mich. Mar. 16, 2017); *Childress v. Michalke*, No. CIV. 10-11008, 2012 WL 5986643, at *2 (E.D. Mich. Nov. 29, 2012); *Turner v. Farmer Jack*, No. 05–40292, 2006 WL 1235759, at *1 (E.D.Mich. May 8, 2006) ("A motion for leave to amend complaint and a motion to remand are nondispositive motions."). Accordingly, the Magistrate Judge's recommendation to grant Plaintiff Lyle F. Williams leave to amend his complaint will be reversed only if the Court finds that the decision is clearly erroneous or contrary to law.

In the Report and Recommendation, the Magistrate Judge found that although Plaintiffs' original complaint lacked sufficient factual allegations to survive a motion to

4

dismiss, the factual allegations presented for the first time in Plaintiffs' response brief and Defendants' reply brief could amount to a viable claim for relief. Heeding to Federal Rule of Civil Procedure 15(a)'s instruction that leave to amend a complaint should be granted freely, and considering the fact that Plaintiffs are proceeding *pro se* in this matter, the Magistrate Judge recommends granting Plaintiff Lyle F. Williams leave to amend his complaint so that the complaint itself contains sufficient factual allegations to state a claim for relief on his Fourth Amendment unlawful search claim against Defendant Waterford Township.

Defendants object to the Magistrate Judge's recommendation and argue that granting leave to amend would be futile because there is a currently pending state action between the parties involving the same constitutional claims. Therefore, according to Defendants, Plaintiff Lyle F. Williams' amended complaint would be barred by the *Younger* abstention doctrine.[1] In support of their objection, Defendants submit court documents relating to a civil infraction issued to Plaintiff Lyle F. Williams on December 12, 2018 and his challenge to the legality of that infraction. The documents were not part of the record before the Magistrate Judge. And the infraction at issue in these new documents appears to be a different civil infraction and subsequent legal proceeding than the June 6, 2018 civil infraction at issue in Plaintiffs' complaint, attached to Defendants' reply brief in support of their motion to dismiss, and discussed in the Magistrate Judge's Report and Recommendation.

---

[1] The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) instructs federal courts to abstain from accepting jurisdiction over a civil proceeding where (1) state proceedings are pending; (2) state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

5

Setting aside the merits of whether the *Younger* abstention doctrine would render the proposed amended complaint futile[2], Defendants' argument is not properly presented before the Court. In the Sixth Circuit, absent compelling reasons, parties may not raise at the district court stage new arguments or issues that were not presented to the magistrate judge. *See Tighe v. Berghuis*, No. 1:12-CV-1314, 2016 WL 5537287, at *3 (W.D. Mich. Sept. 30, 2016) ("To the extent Petitioner raises new arguments or issues that were not presented to the Magistrate Judge, they are not properly presented."); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) ("[I]ssues raised for first time in objections to magistrate judge's report and recommendation are deemed waived.").

Defendants did not raise the issue of the abstention doctrine or the December 12, 2018 civil infraction in connection with their motion to dismiss, and the Magistrate Judge did not consider the legal argument or additional evidence in her Report and Recommendation. In fact, the December 12, 2018 infraction was issued several months after Defendants filed their motion to dismiss and after all briefing on the motion was complete. The Court cannot find that the Magistrate Judge's recommendation on an issue was clearly erroneous or contrary to law where the issue was never raised. Moreover, even under a *de novo* review, the Court declines to entertain a new basis for

---

[2] The Court has a number of questions as to merits of Defendants' abstention argument. For example, in *Marathon Petroleum Co. LLC v. Stumbo*, 528 F. Supp. 2d 639, 645 (E.D. Ky. 2007 ), the court stated that the first element of the *Younger* analysis is satisfied where the state proceeding is already pending at the time the action is filed in federal court. Here, however, Plaintiffs' action was pending before the state action at issue was initiated.

6

dismissing Plaintiffs' claims that Defendants failed to raise in the proceedings before the Magistrate Judge. Accordingly, Defendants' objection is denied.

III. Conclusion

For the above-stated reasons, the Court **OVERRULES** Defendants' objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** the complaint with prejudice except as to Lyle F. Williams' Fourth Amendment claim against Defendant Waterford Township. Plaintiff Lyle F. Williams is granted leave to amend his complaint in accordance with the Magistrate Judge's recommendation.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 25, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager