UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LYLE F. WILLIAMS,<br>    Plaintiff,<br>v.<br><br>TOWNSHIP OF WATERFORD,<br>    Defendant.<br>_____/ | Case No.: 18-12319<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Stephanie Dawkins Davis<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**DEFENDANT WATERFORD'S MOTION TO DISMISS (ECF No. 45)**

**I.    PROCEDURAL HISTORY**

Before the Court is defendant Township of Waterford's (Waterford) motion to dismiss the amended complaint. (ECF No. 45). The original complaint in this case was filed on July 24, 2018. (ECF No. 1). All pretrial matters were referred to the undersigned on August 14, 2018. (ECF No. 10). On March 25, 2019, the District Court adopted the undersigned's Report and Recommendation to dismiss the original complaint with prejudice against defendants Gibson and Scott, and to dismiss without prejudice against Waterford. (ECF No. 34, 38). The Court allowed plaintiff Lyle F. Williams to file an amended complaint on his Fourth Amendment claim against Waterford. However, the Court struck Williams' first attempt at an amended complaint because the document did not comply with the

Federal Rules of Civil Procedure or the Report and Recommendation. (ECF No. 43). Williams filed another amended complaint on June 17, 2019, that is the subject of the pending motion to dismiss. (ECF No. 44, 45). The motion is fully briefed and ready for Report and Recommendation.

## II.    FACTUAL BACKGROUND

Williams provided the following facts in the amended complaint. He alleges that he either owns or has an interest in two properties located in Waterford. (ECF No. 44, PageID.602). Waterford is demanding entrance into his "private abode" without a search warrant and forcing him to pay a fee. (*Id.*). By trying to force him to allow entrance into his home, he says Waterford is interfering with his possessory interest in his two properties. (ECF No. 44, PageID.603). Citing *Camara v. Mun. Court*, 387 U.S. 523 (1967), Williams alleges that Waterford's rental property ordinance is unconstitutional because it authorizes and requires a warrantless inspection of residential rental property. Williams refuses to allow Waterford's employees, or code enforcement officers, to enter his private property without a search warrant. Waterford is requiring that Williams obtain a permit, presumably a permit to rent the properties. (ECF No. 44, PageID.604). But, to get this permit, Williams says he must waive his Fourth Amendment rights, presumably the right to be free from search or seizure without a warrant. If he does not agree to allow warrantless inspection of the properties, he will not be

2

issued a permit, and will be subject to prosecution or penalty. Because of his refusal to allow a warrantless inspection, Waterford's code enforcement officers initiated proceedings against him in the 51st District Court in Michigan. Williams asks this Court to rule in his favor so that he can avoid jail time in Oakland County and avoid paying costs and fees. (*Id.*). Specifically, Williams seeks: (1) a declaration that Waterford's ordinances that do not contain a warrant clause violate his Fourth Amendment rights; (2) a declaration that Waterford's ordinance (presumably the rental property ordinance that requires a permit) is unconstitutional and that it be stricken; (3) and an award of $75,000. (ECF No. 44, PageID.607). Williams attached three documents to his amended complaint that appear to be from the State court case initiated by Waterford code enforcement officers against Williams for his failure to comply with the rental property ordinance: a Notice to Appear and a Default Judgment from the 51st District Court in Michigan, and a Notice of Detention or Arrest from the State of Michigan. These State court documents are all in relation to a rental inspection offense. (ECF No. 44, PageID.609-15).

### III.   ANALYSIS AND RECOMMENDATIONS

####    A.   <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be

4

detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

"When a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

  B. <u>Discussion</u>

    1. Rule 41(b)

Waterford seeks dismissal of the amended complaint under Rule 41(b) because of Williams' repeated failure to comply with this Court's orders. Williams neglected to respond to this argument. As accurately detailed by Waterford, Williams filed the amended complaint here at issue after two orders from this Court directing him to file an amended complaint that complies with the Federal Rules of Civil Procedure. As noted in the Report and Recommendation (R&R) on

5

the motion to dismiss the original complaint, the complaint did not comply with the federal rules. ECF No. 34. Specifically, Williams did not follow Rule 10(b)'s mandate that claims be set forth in numbered paragraphs limited to a statement of a single set of circumstances. (ECF No. 34, PageID.350). Instead, the original complaint read more like a brief, including citations to case law and argument for judgment in plaintiff's favor. (*Id.*; ECF No. 1). The undersigned suggested forgiving plaintiff's error in that instance due to his *pro se* status. (ECF No. 34, PageID.350). The Court adopted the recommendation to allow Williams to file an amended complaint setting forth all the facts that support his Fourth Amendment claim against Waterford in accordance with the R&R. (ECF No. 38, PageID.501). The R&R also contained an explanation of what was required to cure the defects in the original complaint. (ECF No. 34, PageID.370-71). More particularly, it explained that Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" (ECF No. 34, PageID.370) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court also reminded Williams that Rule 10(b) mandates that claims be made in numbered paragraphs, each of which limited to a statement of a single set of circumstances. (ECF No. 34, PageID.371). Before the Court issued its order adopting the R&R, Williams filed an amended complaint. (ECF No. 37). The

Court struck that amended complaint because it did not comply with the R&R or the Federal Rules of Civil Procedure. (ECF No. 43). Like the original complaint, the first amended complaint was structured as a brief in support of judgment in plaintiff's favor, not a complaint. (ECF No. 43, PageID.598). Williams was then ordered to file an amended complaint that complied with the rules of procedure, "both in format and in substance," and that did not include any argument. (*Id.* at PageID.599). The Court warned that "**Failure to file an amended complaint in accordance with the R&R and the Federal Rules of Civil Procedure within 10 days of this Order will result in a recommendation that the case be dismissed with prejudice under Fed. R. Civ. P. 41(b).**" (*Id.*) (emphasis in original).

Eleven days later,[1] Williams filed the amended complaint at issue here. (ECF No. 44). Notably, this complaint is not materially different from the original complaint or first amended complaint, except that it is shorter in length. Williams again did not set forth a short and plain statement showing his entitlement to relief. As is evident in the Factual Background section, *supra*, the factual development in this amended complaint is relatively bare, requiring the reader to draw inferences to make sense of the allegations. For instance, Williams once again does not clarify whether he owns the property at issue, or whether he merely has some interest in it, and if the latter, what that interest is. Nor does he say whether he is

---

[1] This one-day delay is perhaps due to delays incident to mail carriage.

currently using the property as rental property, or whether he intends to use it as rental property in the future. It can be inferred that one of these two scenarios is the case here, and that is why Waterford is trying to enforce the rental property ordinance. The subject amended complaint also does not make clear that Waterford requires rental property owners to obtain a permit to rent the property, and that the property must pass an inspection to get that permit. This can be inferred, though, as there would be no other reason for Waterford to try to inspect rental property and to deny Williams a permit. He also failed to cite or provide the language of the specific ordinance he is challenging. Because of these factual gaps, it does not appear that Williams followed the Court's order to present all the facts supporting his Fourth Amendment claim against Waterford in an amended complaint.

Further, the formatting defects in the first two complaints recur in this amended complaint. Williams did not present his allegations in numbered paragraphs, limited to a single set of circumstances. Instead, he provided line numbers on every page of the document and paragraphs that contain multiple allegations or assertions. And, he again cites case law in support of his position that that the warrantless inspection provision of Waterford's rental property ordinance is unconstitutional. (ECF No. 44, PageID.603).

Under Federal Rule of Civil Procedure 41(b), a federal court may dismiss a

claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *Brown v. Romanowski*, 2018 WL 1243691 (E.D. Mich. Mar. 9, 2018), Williams was ordered to file an amended complaint setting forth his claim against

Waterford, including all the facts that support his claim, and following the rules of civil procedure. But, Williams did not comply with the Court's orders. Williams did not provide any explanation or justification for why his amended complaint is still not compliant, except that in the amended complaint he cites his *pro se* status as the reason for his not being "formal." (ECF No. 44, PageID.602). Importantly, a litigant's *pro se* status does not excuse him from familiarizing himself with the procedural dictates of civil litigation or absolve him from the pleading requirements of *Iqbal* and *Twombly*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Song v. Gipson, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011). And the issue with Williams' filings is not so much a lack of formality as a lack of compliance with the rules and this court's orders. It appears, then, that his failure to follow the Court's orders and federal rules is due, at least in part, to willfulness. *See Brown*, 2018 WL 1243691, at *2. The second factor also weighs in favor of dismissal—Waterford has had to defend this action since the original complaint, despite plaintiff's repeated failure to comply with orders, and to attempt to defend against claims that are less than clear.

Moreover, based on the warning given to Williams, the third factor weighs in favor of dismissal. The Court warned Williams that filing yet another amended complaint that did not comply with the R&R and Federal Rules of Civil Procedure would result in a recommendation that the complaint be dismissed with prejudice

under Rule 41(b). Despite this clear warning, Williams has persisted in filing another non-compliant complaint, thus providing no good reason for the undersigned to refrain from recommending that the complaint be dismissed. *See Clanton v. City of Lansing*, 77 F.3d 482 (6th Cir. 1996) (Affirming dismissal of *pro se* plaintiff's complaint because plaintiff did not follow the Court's order to provide a more definite statement and to comply with pleading requirements, despite a warning that his case would be dismissed if he failed to do so); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's failure to file a proper complaint on the third try, after Williams was fully apprised (twice) of the actions necessary to cure the defects in his original complaint, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to comply with Court orders. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Nonetheless, in this instance, after repeated direction from the Court on the pleading requirements, it does not appear that Williams intends to file a complaint

that complies with the rules of procedure. In giving plaintiff the opportunity to amend, the Court already exercised lenience for the defects in his original complaint because of his *pro se* status. Yet, plaintiff still has not complied and defendants are left to defend against his amorphous and ambiguous claims.

The undersigned concludes that, for the reasons discussed above, Williams' complaint should be dismissed for his failure to follow the Court's orders and the Federal Rules of Civil Procedure.

### 2. Res Judicata

As a wholly separate ground, Williams' amended complaint should be dismissed because it is barred by res judicata. The principle of res judicata (claim preclusion) provides a second basis on which to dismiss this action. Waterford argues that, based on the Michigan State court documents attached to the amended complaint, it is clear that Williams' claims are barred by res judicata. Waterford insists that Williams could have raised his constitutional claims before the state court because the claims in both cases are based on the same set of facts. (ECF No. 45, PageID.638-39). In response, Williams says his claim in this Court is not barred because the plaintiffs in *Landon v. City of Flint*, 2016 WL 7661390 (E.D. Mich. Nov. 30, 2016) and *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523 (1967), had state actions brought against them and then they sought relief in federal court, like him. (ECF No. 48, PageID.660). He also contends that

since he believes the ordinance violates the Fourth Amendment, res judicata does not apply. (*Id.*).

Williams' amended complaint is about Waterford's rental property ordinance. He says he refused to allow city employees into the house to inspect the property because they did not have a search warrant, (ECF No. 44, PageID.603), and that because of his refusal, Waterford initiated a State court case in the 51st District Court of Michigan. He says the State court is forcing him to allow the inspection and pay for the inspection and court fees. (*Id.* at PageID.604). Attached to Williams' complaint is a Notice to Appear (dated April 25, 2019) and default judgment (dated April 26, 2019) from the 51st District Court, and a notice of detention or arrest from the State of Michigan for his failure to appear in State court. (*Id.* at PageID.609-15). The State case was for a rental inspection offense. (*Id.* at PageID.605, 609). The default judgment is the judgment on which Waterford relies for purposes of its res judicata argument.

Because the judgment was issued by a Michigan court, the Court looks to Michigan law to determine its preclusive effect. For the reasons discussed below, it appears that Michigan courts would bar Williams' action. In Michigan, res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Ludwig v.*

*Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012) (quoting *Adair v. State,* 680 N.W.2d 386, 396 (2004). Michigan "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

Though somewhat counterintuitive, even though the State court case that resulted in a default judgment was initiated after the federal case, it is considered a prior action that was decided on the merits for purposes of res judicata. The fact that the instant proceeding was commenced before the State court proceedings started is immaterial.[2] As the Sixth Circuit has explained, "Where two actions involving the same issue are pending between the same parties, 'irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata.'" *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1228 (6th Cir. 1981) (quoting *Chicago, R.I. & P.R. Co. v. Schendel*, 270 U.S. 611, 616-17 (1926)); *Thornton v. A & P Stores*, 2001 WL 716930, at *3 (Mich. Ct. App. Mar. 9, 2001), *reversed on other grounds*, 634 N.W.2d 361 (2001) ("Further, it is of no import that the first action to be determined finally was the second action to be

---

[2] However, the amended complaint, filed in June 2019, was filed after the State court's default judgment against Williams.

commenced; rather, the first final judgment rendered is that which becomes conclusive and res judicata."). The default judgment is considered a final judgment on the merits. In Michigan, "[a] default judgment is treated the same as a litigated judgment for purposes of res judicata and is considered a [final] decision on the merits." *Richards v. Tibaldi*, 726 N.W.2d 770, 776 (Mich. Ct. App. 2006); *see also Schwartz v. City of Flint*, 466 N.W.2d 357, 359–60 (Mich. 1991) ("Res judicata applies to default judgments and consent judgments as well as to judgments derived from contested trials."); *Micropower Grp. v. Ametek, Inc.*, 953 F. Supp. 2d 801, 810 (S.D. Ohio 2013) ("[A] default judgment due to a failure to respond can be considered to have been on the merits.") (citing *Morris v. Jones*, 329 U.S. 545, 550–551 (1947); *Riehle v. Margolies,* 279 U.S. 218, 225 (1929) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default.")).

The second element is satisfied since both actions involve the same parties: Lyle F. Williams and Waterford Township. (*See* caption on Notice to Appear, ECF No. 44, PageID.609).

Finally, it appears that Williams' challenge to the ordinance could have been resolved in the State case, though he apparently made no effort to contest its constitutionality in State court. "[R]es judicata is employed to prevent multiple

15

suits litigating the same cause of action." *Adair,* 680 N.W.2d at 396. Michigan courts broadly apply res judicata to claims previously litigated and those arising out of the same transaction that could have been raised with the exercise of reasonable diligence, but were not. *Dart v. Dart,* 597 N.W.2d 82, 86 (Mich. 1999). To determine whether this element is met, Michigan courts apply the "same transaction test." *Garrett v. Washington*, 886 N.W.2d 762, 766 (Mich. Ct. App. 2016). Under this test, "the determinative question is whether the claims in the instant case arose as a part of the same transaction as did [the] claims in the original action." *Id.* (quoting *Adair*, 470 Mich. at 125).

  Here, the State action, according to Williams, challenged his failure to allow a city official to inspect his property under the rental property ordinance. He refused the inspection because the city official, or code enforcement officer, did not have a warrant to search the home. In the federal action, Williams is challenging the constitutionality of Waterford's rental property ordinance; specifically, whether the provision which requires warrantless inspection of a property before a rental permit may issue violates the Fourth Amendment. It is clear that both cases arise out of the same basic facts—Williams's ownership (or interest) in rental property in Waterford that is subject to the challenged rental property ordinance. Because the bases of both claims arise out of the same basic facts or transactions, the claim in the instant case could have been resolved in the

16

State case. Federal courts do not have exclusive jurisdiction over § 1983 actions; rather, federal and state courts have concurrent jurisdiction over § 1983 actions. *See Felder v. Casey,* 487 U.S. 131, 139 (1988); *Dep't of Treasury v. Campbell,* 411 N.W.2d 722, 723 (Mich. 1987) (recognizing that Michigan state courts have concurrent jurisdiction over federal § 1983 claims). Thus, nothing prevented Williams from raising his constitutional claim in the State court proceeding. And, Williams has provided no reason to believe that he was somehow prevented from raising the challenge, except for his own failure to appear at the hearing. Had he been so inclined, he could have raised his federal claims in State court, and if the issue was decided adversely to him, he could have appealed through the state judicial system and eventually sought review by the United States Supreme Court.

For these reasons, the undersigned suggests that application of res judicata bars Williams' claim in this case.

### 3. *Younger* Abstention

Waterford also raised *Younger* abstention as an additional ground for dismissal of the amended complaint. However, in view of the recommendations above, the court need not address application of this doctrine at this juncture.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Waterford's motion to dismiss (ECF No. 45) be **GRANTED** and that the case be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

    Date:  October 31, 2019          s/Stephanie Dawkins Davis
                                                           Stephanie Dawkins Davis
                                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on October 31, 2019, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Lyle F. Williams, 6806 Tenaza Drive, Brownsville, TX 78526.

                                                           s/Tammy Hallwood
                                                           Case Manager
                                                           (810) 341-7887
                                                           tammy_hallwood@mied.uscourts.gov